# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. OWL FEATHER-GORBEY, : Civil No. 3:21-cv-16
:
    Plaintiff : (Judge Mariani)
:
v. :
:
A. KING, et al., :
:
    Defendants :

## MEMORANDUM

Plaintiff, Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate formerly incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA").[2] (Doc. 1). Gorbey seeks to proceed *in forma pauperis*. (Docs. 2, 7). Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

danger of serious physical injury at the time he filed this action. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint has been undertaken and, as set forth in detail below, Gorbey has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the applications to proceed *in forma pauperis* will be denied, and this action will be stayed pending receipt of the full filing fee.

I.  **Allegations of the Complaint and Allegations of Imminent Danger**

In the complaint, Gorbey alleges that he was assaulted in retaliation for filing complaints against prison staff. (Doc. 1, pp. 2-3). He further alleges that the Defendants conspired to coverup the physical assaults. (*Id.*).

Gorbey contends that his due process rights were violated in the context of a disciplinary hearing held at USP-Lewisburg. (*Id.* at pp. 3-4, 6-9). He next alleges that his administrative remedies were improperly rejected. (*Id.* at pp. 4-5, 9-11, 14-15).

Gorbey avers that prison staff at USP-Lewisburg tampered with his legal mail and hindered his access to the courts, denied him funds to purchase items from the commissary, and impeded his access to the administrative remedy process. (*Id.* at pp. 12-13). For relief, Gorbey seeks $250,000,00.00, as well as injunctive relief. (*Id.* at p. 19).

Gorbey asserts that he is in imminent danger of serious physical injury because he was assaulted, he is at risk of further assaults, and was denied access to the courts. (Doc. 2, pp. 4-5).

## II. Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted the "three strikes" provision. Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless the prisoner was in imminent danger of serious physical injury at the time that the complaint was filed. *See Abdul-Akbar*, 239 F.3d at 310-11.

There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Gorbey v. The Federal Bureau of Alcohol, et al.*, Civil Action No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); *Gorbey v. District of Columbia, et al.*, Civil Action No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey is barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil Action No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey). Because Gorbey is subject to the three strikes provision in 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant action.

3

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313. When evaluating an allegation of imminent danger of serious physical injury, the court must determine whether the inmate has drawn "an adequate nexus between the claims [s]he seeks to pursue and the 'imminent danger' [s]he alleges." *Ball v. Hummel*, 577 F. App'x 96, at n.1 (3d Cir. 2014) (nonprecedential) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

In the present matter, Gorbey's claims of imminent danger fail to meet that standard. Gorbey does not appear to challenge the fact that he has three strikes. Rather, he states that he was assaulted, he is at risk of further assaults, and was denied access to the courts. (Doc. 2, pp. 4-5). The Court finds that these claims do not meet the imminent danger of serious physical injury standard. *See Abdul-Akbar*, 239 F.3d at 315 ("'Imminent' dangers

4

are those dangers which are about to occur at any moment or are impending."). Gorbey's allegation that he was denied access to the courts does not suggest imminent harm. Similarly, Gorbey's assertion that he suffered past assaults does not suggest imminent harm. Additionally, stating that he could suffer additional assaults in the future is purely speculative.

Moreover, the Court observes that Gorbey has previously raised the identical imminent danger claims, and that he has been repeatedly rebuffed by the courts, which have found that these allegations do not show imminent danger of serious of serious injury. *See, e.g.*, *Feather-Gorbey v. Gass, et al.*, Civil Action No. 3:20-cv-1050, 2020 WL 6107049, at *2 (M.D. Pa. Oct. 15, 2020) (finding, *inter alia*, that Gorbey failed to sufficiently show an imminent threat for purposes of the PLRA strike provision with respect to claims that he was denied access to the administrative remedy program); *Owl Feather-Gorbey v. United States, et al.*, Civil Action No. 1:20-cv-2401, 2020 WL 6144568, at *1 (D.D.C. Sept. 29, 2020) (holding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical harm); *Gorbey v. Mubarek, et al.*, Civil Action No. 1:19-cv-220, 2019 WL 5593284, at *3-6 (D. Md. Oct. 30, 2019) (finding, *inter alia*, that Gorbey's allegations related to his arm injury, front-cuffing, medical treatment, and staff-encouraged violence did not create an imminent danger to his safety); *Gorbey v. Dunbar, et al.*, Civil Action No. 1:18-cv-2754, 2019 WL 5339607, at *7 (D. Md. April 24, 2019) (holding, *inter alia*, that Gorbey failed to establish that he was in imminent danger of harm based on claims that he failed to

receive adequate medical treatment for past injuries), *aff'd*, 787 F. App'x 824 (4th Cir. 2019). Given that Gorbey's complaint merely repeats his previously rejected claims of imminent danger, it is difficult to see how these claims demonstrate an imminent danger of serious bodily harm under 28 U.S.C. § 1915(g).

Upon thorough review of the filings in this action, the Court concludes that Gorbey has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. If Gorbey wishes to pursue the claims in this action, he must pay the filing fee in full. Failure to pay the filing fee will result in dismissal of the complaint without prejudice. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

### III. Conclusion

The Court will deny Gorbey's applications to proceed *in forma pauperis* and direct him to submit the requisite filing fee. A separate Order shall issue.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge

Dated: May 4, 2021